# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:12cv97

LEXINGTON INSURANCE COMPANY,    )
                                                               )
            **Plaintiff,**              )
                                                               )
            **vs.**                    )         **ORDER**
                                                               )
**DATA AIRE, INC. and TRANE U.S., INC.,**  )
                                                               )
            **Defendants.**          )
_____)

**THIS MATTER** is before the Court on the parties' Consent Motion to Stay all Proceedings [Doc. 21].

## PROCEDURAL HISTORY

On November 19, 2012, the Plaintiff filed an action in the General Court of Justice, Superior Court Division, Swain County, North Carolina. [Doc. 1-1]. On December 27, 2012, that action was removed to this Court based on diversity jurisdiction.[1] [Doc. 1]. In the Complaint, the Plaintiff, a Delaware corporation, alleged that it had provided a property and business

---

[1] In the Notice of Removal, the Defendants stated that they had been served on December 3, 2012, making the removal timely. 28 U.S.C. §1446(b). Defendant Data Aire, Inc. joined in the Notice of Removal on January 4, 2013. [Doc. 5].

loss insurance policy to Tribal Casino Gaming Enterprise (Tribal Casino) for real and personal property which it owned at the Cherokee Casino and Hotel in Cherokee, North Carolina. [Doc. 1-1]. Due to a "loss of cooling event" which occurred on November 30, 2009 at the Casino, a claim was made against that policy. [Id.]. The Defendants, each of which is a foreign corporation, provided the products which allegedly caused the loss. [Id.]. Having paid the Casino under the terms of its policy, the Plaintiff brought this subrogation action.

On November 20, 2012, the Plaintiff filed a parallel action in the Cherokee Tribal Court for the Eastern Band of Cherokee Indians (Tribal Court). [Doc. 21 at 2]. The parties do not dispute that the Tribal Court has jurisdiction over the action filed in its Court due to the fact that the Casino is located within the boundaries of the Eastern Band of Cherokee Indians Reservation in Cherokee, North Carolina. [Id. at 2-3]. It is also clear from the Consent Motion that the action in Tribal Court has continued apace while this matter is in its early stages. [Id.]. The parties request a stay of this action until the Tribal Court rules on a pending motion to dismiss. [Id.].

## DISCUSSION

The United States Supreme Court has "repeatedly recognized the Federal Government's longstanding policy of encouraging tribal self-

government." Iowa Mutual Insurance Company v. LaPlate, 480 U.S. 9, 14, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987). "Tribal courts play a vital role in tribal self-government[.]" Id.

> A federal court's exercise of jurisdiction over matters relating to reservation affairs can also impair the authority of tribal courts[.] … [C]onsiderations of comity direct that tribal remedies be exhausted before the question is addressed by [a] District Court. Promotion of tribal self-government and self-determination require[s] that the Tribal Court have the first opportunity to evaluate the factual and legal bases for [any] challenge to its jurisdiction. … Although … federal jurisdiction in this case is based on diversity of citizenship, … the exhaustion rule … applies here as well. Regardless of the basis for jurisdiction, the federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a full opportunity to determine its own jurisdiction. In diversity cases, as well as federal-question cases, unconditional access to the federal forum would place it in direct competition with the tribal courts, thereby impairing the latter's authority over reservation affairs.

Id. at 15-16 (internal quotations and citations omitted).

Thus, although this Court has jurisdiction, it will "stay its hand" pending the exhaustion of Tribal Court remedies, despite the fact that the Tribal Court action involves parties who are non-members of the Eastern Band of Cherokee Indians. Id.; Nevada v. Hicks, 533 U.S. 353, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001). The reason is simple: the parties do not dispute that the case involves property located within the reservation boundaries; property, moreover, which is involved in tribal gaming. Strate

3

v. A-1 Contractors, 520 U.S. 438, 446, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997) (nonmembers who enter consensual relations with the tribe or into activity that directly affects the tribe's economic health subject to tribal court jurisdiction); Montana v. United States, 450 U.S. 544, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981); Allstate Indemnity Company v. Stump, 191 F.3d 1071 (9th Cir. 1999), opinion amended on other grounds 197 F.3d 1031 (9th Cir. 1999) (even where there is a dispute as to whether an accident occurred on tribal land, the tribal court has the first opportunity to address jurisdiction); Fidelity and Guaranty Insurance Co. v. Bradley, 212 F.Supp.2d 163 (W.D.N.C. 2002).

The parties' request that this Court stay the action only until the Tribal Court rules on a pending motion to dismiss, a motion scheduled to be heard in Tribal Court in early June 2013. In the event that the parties thereafter seek to reopen this action, they are advised that they will be required to show cause why this Court should not continue this stay pending exhaustion of Tribal Court remedies.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the parties' Consent Motion to Stay all Proceedings [Doc. 21] is hereby **GRANTED** and this action is hereby **STAYED** pending further Order of this Court.

Signed: April 29, 2013

Martin Reidinger
United States District Judge